NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WAYNE GREENE, | : | |
| | : | Civil Action No. 20-13227 (CCC) |
| Petitioner, | : | |
| | : | |
| v. | : | **MEMORANDUM OPINION** |
| | : | |
| JAMES SLAUGHTER, et al., | : | |
| | : | |
| Respondents. | : | |

**CECCHI, District Judge:**

This matter comes before the Court on the petition for a writ of habeas corpus filed by Petitioner, Wayne Greene.  ECF No. 1.  Because Petitioner has paid the applicable filing fee, this Court is required by Rule 4 of the Rules Governing Section 2254 Cases to screen Petitioner's habeas petition and determine whether it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief."  Pursuant to this rule, a district court is "authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." *McFarland v. Scott*, 512 U.S. 849, 856 (1994).

A habeas petition challenging a state court conviction pursuant to 28 U.S.C. § 2254 "cannot proceed unless all meritorious claims have been exhausted in state court." *Mallory v. Bickell*, 563 F. App'x 212, 215 (3d Cir. 2014); *see also Henderson v. Frank*, 155 F.3d 159, 164 (3d Cir. 1998); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir.1997); *Toulson v. Beyer*, 987 F.2d 984 (3d Cir. 1993).  To satisfy the exhaustion requirement, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  "The

burden is on the habeas petitioner to prove exhaustion." *DeFoy v. McCullough*, 393 F.3d 439, 442 (3d Cir. 2005).  The exhaustion doctrine mandates that the claim "must have been 'fairly presented' to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)).  "Fair presentation means that a petitioner must present a federal claim's factual and legal substance to the state courts in a manner that puts them on notice that a federal claim is being asserted." *Rainey v. Varner*, 603 F.3d 189, 198 (3d Cir. 2010) (citations and internal quotation marks omitted).  As the exhaustion rule requires a habeas petitioner to afford the state courts the opportunity to resolve the federal constitutional issues before he goes to the federal court for habeas relief," *id.*, a habeas petition challenging a New Jersey judgment of conviction must fairly present each alleged federal ground for relief raised in the habeas petition to all three levels of the New Jersey state courts – the Law Division, Appellate Division, and New Jersey Supreme Court.  *See, e.g.*, *O'Sullivan*, 526 U.S. at 838; *Rose v. Lundy*, 455 U.S. 509 (1982); *Ragland v. Barnes*, No. 14-7924, 2015 WL 1035428, at \*1–3 (D.N.J. March 10, 2015).

In his petition, Petitioner asserts that his petition is timely yet states that "his first PCR [post-conviction relief] is before the New Jersey Supreme Court for Certification application; and second PCR before the Law Division."  ECF No. 1 at 14.  As such, Petition thus acknowledges that his claims are unexhausted.  Despite this concession, Petitioner requests that this Court not dismiss his petition and instead grant him a stay until all of his claims have been exhausted.  Id.

Where a district court is faced with a petition containing only unexhausted claims, the Court has two potential options – dismiss the petition without prejudice for failure to exhaust, or stay the petition pursuant to *Rhines v. Weber*, 544 U.S. 269, 274–78 (2005), until the petitioner completes the exhaustion process.  *See, e.g.*, *Mallory*, 563 F. App'x at 215.  Pursuant to *Rhines*, a

stay should only be granted in "limited circumstances." 544 U.S. at 277. A district court may only grant a stay where "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." *Id.* at 278. Even where these requirements are met, a stay will generally only be warranted in those cases where a dismissal of the petition without prejudice would result in the petitioner being unable to timely file his habeas petition within the one-year statute of limitations period. *See Crews v. Horn*, 360 F.3d 146, 152 (3d Cir. 2004).

Here, Petitioner has not presented good cause for his failure to exhaust his claims, and has not explained why the claims in his current second PCR could not have been raised in his original PCR proceedings. Likewise, based on the materials submitted, the merits of Petitioner's unexhausted claims are unclear. Even if Petitioner's claims are potentially meritorious, and even had Petitioner explained the reason his claims were not earlier raised, it is clear that a stay is not warranted in any event as Petitioner is currently in no danger of losing his ability to timely file a habeas petition once he completes the exhaustion process as it does not appear that his one year limitations period has even begun, let alone come close to expiring, at this time.[1] *Crews*, 360 F.3d at 152. Petitioner's request for a stay is therefore denied, and his petition shall be dismissed

---

[1] According to Petitioner, his petition for certification on direct appeal was denied on April 2, 2015. His one-year limitations period therefore would have begun to run 90 days later when he failed to file a petition for certiorari. *See, e.g.*, *Ross v. Varano*, 712 F.3d 784, 798 (3d Cir. 2013); *see also Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 84 (3d Cir. 2013). Petitioner, however, filed his first PCR petition on April 24, 2015, before the limitations period began to run. Because the habeas limitations period is tolled while a properly filed PCR petition is pending in state court, *Jenkins*, 705 F.3d at 85, and because Petitioner contends that his first PCR remains pending in state court awaiting a decision on his petition for certification before the New Jersey Supreme Court, it appears that his one-year limitations period is currently tolled, and the entire one year period remains for him to file a new petition once his PCR proceedings conclude.

without prejudice as unexhausted.  Petitioner is free to file a new petition once he completes the exhaustion of his claims.

Pursuant to 28 U.S.C. § 2253(c), a petitioner may not appeal from a final order in a habeas proceeding where that petitioner's detention arises out of his state court conviction unless he has "made a substantial showing of the denial of a constitutional right."  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude that the issues presented here are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [Certificate of Appealability] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Because jurists of reason could not disagree with this Court's conclusion that Petitioner's petition is unexhausted and that Petitioner's habeas petition should be dismissed without prejudice as a result, Petitioner's habeas petition is inadequate to deserve encouragement to proceed further at this time, and Petitioner must be denied a certificate of appealability as to this Court's dismissal of his petition for lack of exhaustion.

In conclusion, Petitioner's habeas petition is **DISMISSED WITHOUT PREJUDICE** for lack of exhaustion, and Petitioner is DENIED a certificate of appealability as to the dismissal of his petition.  An appropriate order follows.

DATED:  February 11, 2021

_____

Claire C. Cecchi, U.S.D.J.